IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


EL DORADO CHEMICAL COMPANY                                    PLAINTIFF


VS.                          CASE NO. 15-CV-1034


L&L INDUSTRIAL SERVICES, INC. and
JOHN INGRAM INCORPORATED                                      DEFENDANTS


**ORDER**

Before the Court are Motions to Dismiss filed on behalf of Defendants John Ingram Incorporated (ECF No. 7) and L&L Industrial Services, Inc. (ECF No. 10).  Plaintiff El Dorado Chemical Company ("EDCC") has responded to the motions (ECF No. 23), and Defendants have each filed a reply.  (ECF Nos. 27 & 31).  The Court finds this matter ripe for consideration.

**BACKGROUND**

This suit arises from a May 15, 2012 explosion at EDCC's DSN Nitric Acid Plant. EDCC alleges that the explosion occurred due to contamination of oxygen gas supplied by Air Liquide Industrial U.S. LP ("Air Liquide").  According to EDCC, Defendants L&L Industrial Services Inc. ("L&L") and John Ingram Inc. ("Ingram") served as sub-contractors to Air Liquide in the work that allegedly caused the contamination and explosion.  On May 13, 2015, EDCC filed suit against L&L and Ingram.[1]  (ECF No. 1).  EDCC's Complaint includes a claim of negligence against both L&L and Ingram and alleges that they each "owed [EDCC] the duty to

---

[1] EDCC filed a separate lawsuit against Air Liquide on May 13, 2014 in the Western District of Oklahoma.  On October 19, 2015, the Air Liquide case was transferred to this Court, per Judge Stephen P. Friot's October 19, 2015 Order. (*El Dorado Chemical Company v. Air Liquide Industrial U.S. LP*, Case No. 1:15-CV-1063, ECF Nos. 66 and 67).  The Air Liquide suit arises from the same May 15, 2012 explosion and includes claims of negligence and strict liability against Air Liquide.

exercise reasonable care and caution in carrying out its work at Air Liquide's on-site oxygen plant during the maintenance turn-around in the fall of 2011." EDCC alleges L&L and Ingram breached this duty of care when they (1) failed to properly and thoroughly clean the interior of replacement oxygen piping segments installed in 2011 at Air Liquide's on-site oxygen plant; (2) failed to properly inspect the interior of these piping segments before placing them in service; (3) failed to exercise due care and caution in the installation of the replacement oxygen piping segments; and (4) failed to ensure that the relevant oxygen piping was clean and free of any foreign contaminants.

In the present Motions to Dismiss, L&L and Ingram argue that EDCC's Complaint was filed outside of the three-year statute of limitations for claims of negligence. *See* Ark. Code Ann. § 16-56-105. L&L and Ingram maintain that the statute begins to run when an alleged act of negligence occurs. In this case, EDCC specifically alleges that L&L and Ingram's acts of negligence occurred in 2011. It is undisputed that EDCC's May 13, 2015 Complaint was filed more than three years after these alleged actions. It is EDCC's position, however, that the statute of limitations did not begin to run until May 15, 2012—the date of the explosion. If EDCC's position is correct, the Complaint was filed two days before the expiration of the three-year statute of limitations. Accordingly, the question before the Court is whether the relevant date for limitations purposes is the date of the alleged acts of negligence or the date of the explosion.

## DISCUSSION

"[W]hen it appears from the face of the complaint itself that the limitations period has run, a limitations defense may properly be asserted through a 12(b)(6) motion to dismiss." *Wycoff v. Menke*, 773 F.2d 983, 984-85 (8th Cir. 1985) (quotation omitted). In this case, the relevant facts regarding the statute of limitations period—the date of the alleged negligence and

the date of the explosion—are clear from the face of the Complaint.  Accordingly, this issue is properly before the Court on Defendants' Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Arkansas law requires that a cause of action for negligence be commenced within three years after the cause of action accrues. Ark. Code Ann. § 16-56-105; *Tate v. Lab. Corp. of Am. Holdings*, 285 S.W.3d 261, 262 (Ark. Ct. App. 2008).  Arkansas courts have long adhered to the "occurrence rule" in determining when a cause of action for negligence accrues.  *See* Howard W. Brill*, Arkansas Law of Damages*, § 13:4 (6th ed. 2014). This rule provides that "the statute [of limitations] in negligence cases begins to run from the date the negligent act is committed." *Martin v. Arthur*, 3 S.W.3d 684, 688 (Ark. 1999).  Stated another way, "the three-year-limitations period begins to run, absent concealment of the wrong, on the date that the negligent act was committed, rather than the date that it was discovered." *Calcagno v. Shelter Mut. Ins. Co.*, 957 S.W.2d 700, 701 (Ark. 1997).[2]  *See also Grand Valley Ridge, LLC v. Metro. Nat. Bank*, 388 S.W.3d 24, 35 (Ark. 2012) ("The statute begins to run when the negligent act occurred."); *Shepherd v. Baptist Health*, 916 F. Supp. 2d 891, 899 (E.D. Ark. 2012) ("[E]ven if [the defendant's] alleged wrongdoing did qualify as ordinary negligence, [the plaintiff] provides no authority for her contention that the discovery rule would therefore apply. In *Martin*, the Arkansas Supreme Court stated that it is well settled that the statute of limitations in negligence cases begins to run from the date the negligent act is committed.") (internal quotations omitted). The occurrence rule applies regardless of when the full extent of a plaintiff's injuries are revealed and regardless of whether there is an interval between the allegedly tortious act and the damage suffered by the plaintiff.  *Field v. Gazette Pub. Co.*, 59 S.W.2d 19, 20 (Ark. 1933);

---

[2] The Court notes that EDCC makes no allegation in its Complaint or response to the Motions to Dismiss that there was fraudulent concealment of the alleged negligent actions in this case.

*Coghlan v. Smedley Enterprises, Inc.*, No. CA07-1349, 2008 WL 2268349, at *1 (Ark. Ct. App. June 4, 2008).

In spite of these clear statements of law from Arkansas courts spanning many decades, EDCC maintains that alleged negligent acts that occurred in 2011 should not trigger the statute of limitations in this case because EDCC did not sustain injury until the explosion on May 15, 2012. EDCC argues that, without injury and damages, their cause of action against Ingram and L&L could not have accrued until the explosion occurred.  The Court finds EDCC's argument unavailing for two reasons.

First, EDCC is incorrect in concluding that it did not sustain an injury until the May 2012 explosion.  EDCC's Complaint alleges that L&L and Ingram had a duty to exercise reasonable care and caution in carrying out its work at Air Liquide's on-site oxygen plant and that this duty was breached in 2011 when L&L and Ingram failed to properly clean, inspect, and install certain piping and components.  While EDCC's damages stemming from the breach might have been negligible before the explosion, EDCC would have had legal recourse to remedy the breach had it been discovered.  At a minimum, EDCC could have demanded the costs for cleaning or re-installing the piping segments.

Second, even assuming that an injury was not sustained until the explosion in 2012, EDCC's argument fails to acknowledge Arkansas's strict adherence to the occurrence rule. Arkansas courts have consistently held that, in cases where an injury or damages do not arise until long after the negligent act, the date of the negligent act remains the triggering date for the statute of limitations.  *See, e.g., Moix-McNutt v. Brown*, 74 S.W.3d 612, 614 (Ark. 2002); *Ford's Inc. v. Russell Brown & Co.*, 773 S.W.2d 90, 92-93 (Ark. 1989); *Coghlan*, 2008 WL 2268349, at *1.  Arkansas courts have also recognized that the application of the occurrence rule in these

instances can result in unfairness to a plaintiff who may not have sustained damages until after the statutory period has expired. *Flemens v. Harris*, 323 Ark. 421, 427, 915 S.W.2d 685, 689 (Ark. 1996) (recognizing the "dire consequences" of the occurrence rule in a case where "damages did not result until *after* the statute of limitations had run"). However, Arkansas courts have continued to apply the occurrence rule in spite of these fairness concerns and have noted that "any change to [the] long standing rule should come from the General Assembly." *Id*. *See also* Brill, *supra*, § 13:4 ("The courts have stated that any deviation from the 'occurrence rule' should be made by the legislature, whose century-long silence suggests approval of the rule.").

In essence, EDCC has asked this Court to apply a "date of the injury" rule or "date of discovery" rule to this case rather than the long-standing occurrence rule. EDCC has not pointed to any court in Arkansas that has deviated from the occurrence rule in a pure negligence case, and the Court finds no reason to deviate from the rule here. It is undisputed that any alleged negligent acts by L&L and Ingram occurred in 2011. EDCC's Complaint was filed in 2015—far more than three years after the negligent act occurred. Accordingly, EDCC's claims against L&L and Ingram are time-barred.

For the reasons stated above, the Court finds that the Motions to Dismiss filed on behalf of Defendants John Ingram Incorporated (ECF No. 7) and L&L Industrial Services, Inc. (ECF No. 10) should be and hereby are **GRANTED**. Accordingly, EDCC's Complaint (ECF No. 1) is hereby **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED, this 25th day of February, 2016.

                                                    /s/ Susan O. Hickey
                                                    Susan O. Hickey
                                                    United States District Judge

5